UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

MAURICE NATHANIEL BUNKLEY,

                Petitioner,              Case No. 2:25-cv-114

v.                                                  Honorable Ray Kent

JAMES CORRIGAN
                Respondent.
_____/

## ORDER OF TRANSFER
## TO SIXTH CIRCUIT COURT OF APPEALS

This is a habeas corpus action filed by a state prisoner under 28 U.S.C. § 2254. Petitioner Maurice Nathaniel Bunkley, appearing through counsel, raises the following ground for habeas relief:

> Petitioner was denied his constitutional right to due process where the prosecution suppressed *Brady* evidence[1] that pointed to other suspects and tips in the shooting death for which Petitioner was convicted and the state court failed to address Petitioner's post-conviction motion for relief raising his *Brady* claim such that under de novo review Petitioner is entitled to habeas relief.

(Memo. of Law, ECF No. 1, PageID.7.)

Petitioner is serving a life sentence following his 1983 Wayne County Circuit Court jury convictions of first-degree murder and use of a firearm during the commission of a felony. Petitioner is presently incarcerated with the Michigan Department of Corrections at the Chippewa Correctional Facility in Kincheloe, Chippewa County, Michigan.

---

[1] In *Brady v. Maryland*, 373 U.S. 83 (1963), the Supreme Court held that a criminal defendant's due process rights are violated if the prosecution suppresses exculpatory evidence that is material to the defendant's guilt or punishment. *Id*. at 87.

Petitioner notes that this is not his first habeas corpus action challenging his convictions and sentences. Petitioner has filed three prior petitions. On September 25, 1998, in the United States District Court for the Eastern District of Michigan, Petitioner filed his first petition for writ of habeas corpus. On August 2, 1999, the Honorable Paul V. Gadola issued an Opinion and Order denying Petitioner relief. In the decision, Judge Gadola addressed and rejected Petitioner's claims on the merits. Mem. Op. & Order, *Bunkley v. Elo*, No. 4:98-cv-40338 (E.D. Mich. Aug. 2, 1999) (ECF No. 24).

The Eastern District of Michigan received Petitioner's second petition on April 18, 2006. *See Bunkley v. Wolfenbarger*, No. 4:06-cv-11829 (E.D. Mich.). The petition was deemed second or successive and transferred to the United States Court of Appeals for the Sixth Circuit as a motion for leave to file a second or successive petition. Order, *Bunkley v. Wolfenbarger*, No. 4:06-cv-11829 (E.D. Mich. May 3, 2006) (ECF No. 2). The Sixth Circuit denied leave. *In re Bunkley*, No. 06-1595 (6th Cir. Oct. 30, 2006).

Petitioner then filed an original action in the Sixth Circuit seeking leave to file a second or successive habeas claim in the district court. *In re Bunkley*, No. 07-1980 (6th Cir. July 24, 2007). The Sixth Circuit denied leave by order entered March 11, 2018. *Id*. (6th Cir. Mar. 11, 2008).

Subsequently, Petitioner filed a motion for relief from judgment in his initial habeas case, which sought habeas relief by way of an independent action under Federal Rule of Civil Procedure 60(d). Mot. for Relief from J., *Bunkley v. Elo*, No. 4:98-cv-40338 (E.D. Mich.) (ECF No. 43). The Eastern District of Michigan denied that relief and a certificate of appealability by orders entered on December 2, 2014, and April 9, 2015. Orders, *id*. (ECF Nos. 44, 52). The Sixth Circuit also denied a certificate of appealability. *Bunkley v. Hoffner*, No. 15-1006 (6th Cir. Aug. 18, 2015).

2

Petitioner then filed his third habeas petition in the Eastern District of Michigan. Pet., *Bunkley v. Winn*, No. 2:16-cv-11235 (E.D. Mich. Apr. 4, 2016) (ECF No. 1). By opinion and order entered May 3, 2016, the Eastern District of Michigan transferred the petition to the Sixth Circuit Court of Appeals as second or successive. Op. & Order, *Bunkley v. Winn*, No. 2:16-cv-11235 (E.D. Mich. May 3, 2016) (ECF No. 4). By order entered October 31, 2016, the Sixth Circuit denied Plaintiff's application for leave to file a second or successive petition. *In re Maurice Bunkley*, No. 16-1609 (6th Cir. Oct. 31, 2016).

The question before the Court is whether Petitioner's instant petition is subject to the "second or successive" provision of the Antiterrorism and Effective Death Penalty Act, Pub. L. 104-132, 110 Stat. 1214 (AEDPA). 28 U.S.C. § 2244(b). Under the AEDPA, "a state prisoner always gets one chance to bring a federal habeas challenge to his conviction. . . . But after that, the road gets rockier." *In re Hill*, 81 F.4th 560, 567 (6th Cir. 2023) (quoting *Banister v. Davis*, 590 U.S. 504, 509 (2020)), *cert. denied sub nom. Hill v. Shoop*, 144 S. Ct. 2531 (2024). "For petitions filed after the first one—'second or successive' in the language of § 2244(b)—applicants must overcome strict limits before federal courts will permit them to seek habeas relief." *In re Stansell*, 828 F.3d 412, 413 (6th Cir. 2016).

"To file a second or successive application in a district court, a prisoner must first obtain leave from the court of appeals based on a 'prima facie showing' that his petition satisfies the statute's gatekeeping requirements." *Banister*, 590 U.S. at 509 (citing 28 U.S.C. § 2244(b)(3)(C), (b)(1) and (b)(2)). However, the district court is responsible to initially determine whether a petition is "second or successive." *In re Smith*, 690 F.3d 809, 810 (6th Cir. 2012)

"'[N]ot all petitions filed second in time are 'second or successive' and thus subject to the restrictions of § 2244(b)." *In re Gutierrez*, No. 23-2004, 2024 WL 3333932, at *1 (6th Cir. Apr.

11, 2024) (quoting *In re Hill*, 81 F.4th at 568), *cert. denied sub nom. Gutierrez v. Miniard*, 145 S. Ct. 261 (2024). As the Sixth Circuit recently summarized:

> A second-in-time petition is not considered second or successive when (1) the second petition challenges a new state-court judgment; (2) the proposed claim would have been unripe at the time of the original petition; or (3) the proposed claim was not decided on the merits because it was dismissed as unexhausted. *In re Hill*, 81 F.4th at 568-69; *see In re Coley*, 871 F.3d 455, 457 (6th Cir. 2017).

*Id.*

Here, Petitioner's previous habeas action and the claims raised therein were dismissed with prejudice on the merits. Mem. Op. & Order, *Bunkley v. Elo*, No. 4:98-cv-40338 (E.D. Mich. Aug. 2, 1999) (ECF No. 24). Moreover, Petitioner's present petition does not satisfy either the first or the third exceptions set forth by the Sixth Circuit. It does not challenge a new state-court judgment. and the claims were not previously dismissed as unexhausted. However, Plaintiff argues that his present petition satisfies the second exception: he contends that his present claim was not "ripe" at the time of his first petition.

Petitioner reports that he only recently discovered the suppressed *Brady* material that is the subject of the instant petition. (Pet., ECF No. 1, PageID.3.) For that reason, the issue was not raised in his prior petitions. (*Id.*) Petitioner contends that his *Brady* claims did not become ripe until he recently discovered the suppressed *Brady* material.

In *In re Hill*, 81 F.4th at 560, the Sixth Circuit rejected the "ripeness" argument raised by Petitioner. Whether a claim is ripe does not depend on when the Petitioner discovered the wrong; it depends on whether the wrong "had already occurred when [the petitioner] filed his first petition." *Id*. at 570. The Sixth Circuit reviewed its earlier decision in *In re Wogenstahl*, 902 F.3d 621 (6th Cir. 2018), explaining:

> In a nearly identical case to Hill's, *In re Wogenstahl*, we recognized that a petitioner couldn't bypass the gatekeeping provisions of § 2244(b)(2) simply by presenting new evidence for a new *Brady* claim. *In re Wogenstahl*, 902 F.3d at 625–28. We

4

> said Wogenstahl's petition was "second or successive." *Id.* at 627–28. In that case, the new evidence Wogenstahl proffered undermined the testimony the government put on at trial. *See id.* at 625–26. Still, the petition was "second or successive" because "the predicates underlying Wogenstahl's current claims"—the government introducing testimony at trial—"had already occurred when he filed his petition." *Id*. at 627. Any new evidence undermining the government's trial testimony could go toward meeting the gatekeeping provisions under § 2244(b)(2)(B), we said, but couldn't go toward showing that the claim wasn't "second or successive." *Id*. at 628.
>
> Under § 2244(b)(2)(B), when "the factual predicate for the claim could not have been discovered previously through the exercise of due diligence" and that factual predicate "would be sufficient to establish by clear and convincing evidence" that "no reasonable factfinder would have found the applicant guilty of the underlying offense," a petitioner can avoid dismissal of his "second or successive" habeas petition. 28 U.S.C. § 2244(b)(2)(B). It was Wogenstahl's burden to meet that standard, given that his petition was "second or successive."

*In re Wogenstahl*, 902 F.3d at 571.

The same is true for Petitioner in this case. Although Petitioner can present his argument regarding the newly discovered evidence of a new *Brady* violation to the Sixth Circuit when requesting that the Sixth Circuit permit a second or successive petition, the argument is not relevant when determining whether the petition is, in fact, second or successive. Accordingly, this Court finds that the instant petition is plainly second or successive within the meaning of § 2244(b).

Before a second or successive application may be filed in the district court, the applicant must move in the court of appeals for an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3)(A); *see also Tyler v. Cain*, 533 U.S. 656, 661 n.3 (2001) (holding that a circuit court may authorize the petition upon a *prima facie* showing that the claim satisfies § 2244(b)(2)). Petitioner did not seek the approval of the Sixth Circuit before filing this petition. The appropriate disposition is a transfer of the case to the Sixth Circuit Court of Appeals pursuant to 28 U.S.C. § 1631. *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997).

Accordingly,

**IT IS ORDERED** that this application for habeas relief is transferred to the United States Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 1631.

Dated:  June 23, 2025　　　　　　　　　　/s/ Ray Kent
　　　　　　　　　　　　　　　　　　　　Ray Kent
　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge